UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY JONES,

        Petitioner,                      Case Number 2:12-CV-11770

        v.                                  Honorable George Caram Steeh

DEBRA SCUTT,

        Respondent.
_____/

**<u>OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT; (2) DISMISSING THE PETITION FOR WRIT OF
HABEAS CORPUS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY</u>**

Ricky Jones, ("Petitioner"), presently incarcerated at the G. Robert Cotton Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his imprisonment resulting from his conviction for two counts of conspiracy to commit first-degree murder, MICH. COMP. LAWS § 750.157a. This matter is before the Court on Respondent's motion for summary judgment, in which she asks the Court to dismiss the petition as untimely. Petitioner has filed a response to the motion. For the reasons set forth herein, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability.

I. Procedural History

Petitioner was found guilty on September 10, 1982, of the above offenses following a jury trial in Barry Circuit Court.

Petitioner filed a direct appeal in the Michigan Court of Appeals, raising the following claims: (1) the prosecutor elicited testimony that Petitioner was a fugitive; (2) the prosecutor failed to preserve a tape recording; (3) the trial court erroneously denied Petitioner's motion for a directed verdict; (4) there was insufficient evidence to sustain the conspiracy charge; (5) the trial court erred in failing to give a lesser-include-offense jury instruction; and (6) the trial court erred in imposing a mandatory life sentence.

On October 17, 1984, the Michigan Court of Appeals issued an unpublished opinion affirming Jones's two convictions of conspiracy to commit first-degree murder, but reversed his two convictions of incitement to commit first degree murder. *People v. Jones*, No. 68279 (Mich. Ct. App. Oct. 17, 1984).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The court remanded the case back to the Court of Appeals for reconsideration in light of an intervening decision relevant to Petitioner's sentencing claim. *People v. Jones*, 403 N.W.2d 809 (Mich. Apr. 21, 1987). On remand, the Michigan Court of Appeals issued a new opinion holding that Petitioner was appropriately sentenced to non-parolable life. *People v. Jones*, 423 N.W.2d 590 (Mich. App. 1988).

Petitioner appealed the decision, and the Michigan Supreme Court reversed the decision of the Michigan Court of Appeals, in effect turning Petitioner's sentence into a parolable life sentence. *People v. Jones*, 446 N.W.2d 151 (Mich. 1989).

On November 8, 1991, Jones filed a motion for relief from judgment with the trial court. The motion raised the following claims: (1) the trial court failed to hold an entrapment hearing; (2) the trial court failed to instruct the jury on the unreliability of police informant testimony; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of

appellate counsel. The trial court summarily dismissed this motion by order dated November 18, 1991. There is no indication in the record that Petitioner attempted to appeal this decision.

On September 27, 1993, Petitioner filed another motion for relief from judgment. The motion raised the following claim: (1) the conspiracy statute is unconstitutionally overbroad as written. The trial court again summarily dismissed this motion by order dated October 8, 1993.

Petitioner appealed this decision by filing an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied Jones's application by order dated March 25, 1994. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was also denied. *People v. Jones*, 522 N.W.2d 637 (Mich. 1994) (unpublished table decision).

On August 12, 1999, Jones filed his third motion for relief from judgment. The motion raised the following claims: (1) the reasonable doubt jury instruction was erroneous; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. The trial court again summarily denied the motion by order dated August 30, 1999.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On November 30, 2000, the Michigan Court of Appeals dismissed the application without prejudice because Petitioner had not paid the filing fee or submit an application that conformed with the court rules. The record does not indicate that Petitioner appealed this order or that he has taken any other action in the Michigan courts for the last twelve years.

On August 22, 2011, Petitioner filed a grievance with the Michigan Department of Corrections alleging that his prison was overcrowded and dangerous, he was denied proper

medical care, medical experiments were performed on him, money was extorted from him, and he was denied adequate nutrition. As a remedy, Petitioner requested his release from custody. On August 23, 2011, the Grievance Coordinator at Petitioner's facility denied the grievance because it was vague. The record does not indicate that Petitioner pursued this claim any further with the Department of Corrections.

Petitioner dated the present habeas petition April 16, 2012. It raises four claims: (1) the trial court and Michigan Department of Correction have failed to comply with the order of the Michigan Supreme Court that his sentence be made parolable; (2) Ex post facto change in the form of execution of sentence by the agents of the state due to worsening prison conditions; (3) Ineffective assistance of trial and appellate counsel; and (4) prosecutorial misconduct.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Because Petitioner's conviction became final prior to the enactment of the AEDPA on April 24, 1996, he had one year from the effective date of the Act, or until April 24, 1997, to file his habeas application. *See McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Petitioner's application was not filed until approximately15 years after the expiration of this one-year grace period. Thus, the petition is untimely, unless the limitations period was tolled for any reason.

The Supreme Court has held that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, __U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). The Court cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).

Petitioner has not been diligently pursuing his rights. He offers no reason why he has waited decades before challenging his conviction. His first claim asserts that he has been entitled to a parolable life sentence since the Michigan Supreme Court decision in 1988, but he offers no reason why he waited until now to assert this claim in Federal court.

Similarly, Petitioner's third and fourth claims allege errors occurring at trial and on direct appeal that have been known to Petitioner for decades. Petitioner simply does not attempt to identify any extraordinary circumstances that prevented him from complying with section 2244(d)(1), and therefore he has not shown any basis for equitable tolling.

From mid-1999 to 2000 Petitioner did have a motion for relief from judgment and appeal pending in the state courts. This period statutorily tolled the statute of limitations under section 2244(d)(2). But this post-conviction proceeding did not reset the limitations period, and it does not explain the dozen years Petitioner waited after its denial to file his habeas petition. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

Petitioner's response to the motion attempts to side-step these problems by asserting that his second claim–alleging an ex post facto violation due to worsening prison conditions–is based on new facts. The argument is unavailing.

First, a habeas petition is not the proper vehicle for challenging the conditions of confinement. Habeas corpus is not available to prisoners who are complaining of mistreatment during their legal incarceration. *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). Complaints that involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980). A state inmate who wishes to challenge the conditions of confinement must bring his action under 42 U.S.C. § 1983. *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Second, for purposes of determining when the statute of limitations began to run with respect to this claim under section 2244(d)(D), Petitioner has not alleged when the

factual predicate of the claim arose. That is, he has alleged when prison conditions became bad enough to constitute an alleged constitutional violation entitling him to release. If anything, Petitioner's response states that the Michigan Department of Corrections has been "in a continuous state of emergency overcrowding since 1985." Response, at 4. Accordingly, it appears that Petitioner could, with the exercise of due diligence, brought this claim decades before he filed his grievance.

Because Petitioner filed his habeas petition decades after the one-year limitations period expired, and because he has not shown any grounds for tolling, his petition is time barred under 28 U.S.C. § 2244(d).

### III. Conclusion

Based on the foregoing analysis, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. Id. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

Dated:  December 4, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Ricky Jones #170445, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201, on December 4, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. Id. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

Dated:  December 4, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Ricky Jones #170445, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201, on December 4, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk